UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

               v.

GEORGE MOSES,

               Defendant.
_____

**DECISION AND ORDER**

6:19-CR-06074 EAW

I. **INTRODUCTION**

The following motions are currently pending before the Court: (1) Defendant's motion to "preclude the government from presenting expenses not charged in the indictment as a basis for conviction on Counts 21 and 22" on the grounds that it would work a constructive amendment of the redacted Fifth Superseding Indictment (hereinafter the "indictment") and violate due process (Dkt. 242); (2) Defendant's motion to preclude evidence of "alleged bad acts related to the North Star transaction," "alleged bad acts related to the SYEP and CCLC grants," and "alleged personal spending not specified in the indictment" from being admitted under Federal Rule of Evidence 404(b) (Dkt. 265); and (3) the government's motion to amend its First and Second Bills of Particulars (Dkt. 269). Familiarity with the underlying facts and procedural background of this case is assumed for purposes of this Decision and Order.

For the reasons that follow, the Court holds that: (1) allowing evidence of additional alleged personal expenses as set forth in the Second Bill of Particulars does not constitute a constructive amendment of the indictment nor does it violate due process; (2) evidence

of the additional alleged personal expenses set forth in the Second Bill of Particulars is admissible as direct evidence of the scheme to defraud charged in Counts 21 and 22 of the indictment; (3) justice does not require allowing the government to amend its First Bill of Particulars, except that the government will be permitted to correct the dates set forth in Exhibit C thereto; (4) justice requires allowing the government to amend its Second Bill of Particulars; however, the Court will not allow the government to include proposed item 55 ("On or about August 29, 2019 - $5,000 cash advance on the NEAD credit card"), reserves decision on proposed item 32 ("On or about September 21, 2017, $3,200 to the defendant's credit card"), and denies the government's request to add proposed item 56 ("All per diem checks to the defendant relating to travel where he used the corporate credit card to purchase food and personal items") except to the extent those proposed per diem checks are specified in the government's Notice of Rule 404(b) Evidence filed on August 16, 2021 (*see* Dkt. 206 at 5) and for those checks, the government is granted leave to include them in the Second Bill of Particulars; (5) evidence of alleged personal spending beyond that identified in the First or Second Bill of Particulars is not admissible under Rule 404(b) with respect to Counts 21 and 22 of the indictment unless Defendant opens the door; (6) evidence of alleged personal spending beyond that identified in the Second Bill of Particulars is admissible as direct evidence on Counts 28 through 32 of the indictment, which charge Defendant with having failed to report income on his income tax returns for calendar years 2014 through 2017, but will be the subject of a limiting instruction; and (7) evidence of Defendant's alleged use of NEAD funds on a family vacation in April 2014 is not admissible under Rule 404(b) with respect to Count 18 of the indictment, nor is such

evidence inextricably intertwined with Count 18 of the indictment. The Court accordingly denies Docket No. 242, grants in part and denies in part Docket No. 265, and grants in part and denies in part Docket No. 269. The Court further reserves decision on the portion of Docket No. 265 related to the North Star transaction and the SYEP and CCLC grants and on the portions of Docket No. 269 specified above.

## II.  DISCUSSION

### A.  Constructive Amendment and Due Process

Turning first to Defendant's motion to preclude the government from presenting expenses not charged in the indictment as a basis for conviction on Counts 21 and 22, it is critical to note initially that the government has confirmed on the record that it will not seek a conviction on Counts 21 and 22 based on any wires or mailings not specifically set forth in the indictment. With that background, the Court concludes that allowing the government to present evidence that Defendant used NEAD funds to pay for personal expenses other than those specifically listed in the indictment does not constitute a constructive amendment.

"A constructive amendment occurs when the government's presentation of evidence and the district court's jury instructions combine to modify essential elements of the offense charged to the point that there is a substantial likelihood that the defendant may have been convicted of an offense other than the one charged by the grand jury." *United States v. Vebeliunas*, 76 F.3d 1283, 1290 (2d Cir. 1996) (quotation omitted). "The charge has been so altered either where (1) an additional element, sufficient for conviction, is added, or (2) an element essential to the crime charged is altered." *United States v.*

*Khalupsky*, 5 F.4th 279, 293 (2d Cir. 2021) (quotation omitted). The Court must be mindful that the government is allowed "significant flexibility in proof, provided that the defendant was given notice of the core of criminality to be proven at trial." *Id.* (quotation omitted).

Here, the paragraph of the indictment at issue alleges that "[t]he object of the scheme was to use funds belonging to NEAD to purchase items, services and unneeded travel for the defendant MOSES' personal use and the personal use of others, which included, among other things, the items, services, and unneeded travel set forth below." Defendant argues that it would amount to a constructive amendment of the indictment to allow the government to present evidence of any allegedly fraudulent transactions other than those specifically set forth in the indictment. The government argues that the phrase "among other things" means they can introduce other transactions along the same lines as those identified in the indictment.

The phrase "among other things" (or comparable language) can be "given effect" where the government introduces proof of "additional activities of the same character as those specifically charged in the indictment." *United States v. Zingaro*, 858 F.2d 94, 103 (2d Cir. 1988). However, this type of "saving language" does not allow the government to introduce evidence that is "entirely outside the criminal 'scheme' alleged against" a defendant. *Id.*

The Court agrees with the government that the additional personal expenses set forth in the Second Bill of Particulars (once it is amended as set forth later in this Decision and Order) are of the same character as those specifically charged in the indictment. Second Circuit case law supports this conclusion. For example, in *Khalupsky*, the defendant was

charged with conspiracy to commit wire fraud, conspiracy to commit securities fraud and computer intrusions, securities fraud, and conspiracy to commit money laundering. At trial, the government introduced evidence of stock trades "involving target companies that were not identified in the superseding indictment." 5 F.4th at 293. The Second Circuit found no constructive amendment, explaining that "[t]he trades involving stocks of other target companies simply served as additional examples of the same conduct constituting the charged scheme." *Id.*

Similarly, in *United States v. Salmonese*, 352 F.3d 608 (2d Cir. 2003), the defendant was charged with "a fraud scheme, operating between October 1995 and June 1996, whose ultimate purpose was the conspirators' realization of millions of dollars in illegal profits from their sales of inflated stripped warrants." *Id.* at 621. The operative indictment "identified twenty-five occasions on which conspirators, including [the defendant], engaged in the sale of such warrants." *Id.* The Second Circuit held that "[u]nder these circumstances, proof of other unalleged sales of stripped warrants during the conspiratorial period hardly constitutes a constructive amendment of the pleadings." *Id.*

Here, as in these cases, the items identified in the Second Bill of Particulars are simply further examples of the fraudulent scheme alleged in the indictment—namely, a six-year course of conduct in which Defendant routinely used NEAD funds for his personal expenses.

Defendant primarily relies upon the Supreme Court's 1960 decision in *Stirone v. United States*, 361 U.S. 212. However, *Stirone* is inapposite. In *Stirone*, the difference at issue was between the interstate importation of sand and the interstate exportation of steel.

*Id*. at 217.  In other words, "[i]n *Stirone*, the differences between the indictment and proof were extreme" and affected the "core of criminality" charged in the indictment.  *United States v. D'Amelio*, 683 F.3d 412, 421 (2d Cir. 2012).  Here, the core of criminality is the scheme to defraud NEAD, and the additional personal spending identified in the Second Bill of Particulars is part of that course of conduct.  *See United States v. Dupre*, 462 F.3d 131, 140-41 (2d Cir. 2006) (finding no constructive amendment of indictment where "the particular wire transfer identified in the indictment was not proven at trial" because "the evidence at trial concerned the same elaborate scheme to defraud investors as was described in the indictment").

The Court further is unpersuaded by Defendant's argument that allowing evidence of the personal spending set forth in the Second Bill of Particulars would violate his right to due process or to present a defense.  The essence of this argument is that Defendant was inadequately put on notice that the government intended to argue to the jury that these expenses were fraudulently paid for with NEAD funds.  However, the expenses at issue were disclosed during discovery and the Court further granted Defendant's motion for a Second Bill of Particulars.  Under these circumstances, Defendant has been given fair notice that evidence of such expenses could be introduced at trial.

  B. **<u>Motion to Amend Bills of Particulars</u>**

Before turning to the parties' remaining various arguments about the admissibility of additional personal expenses beyond those identified in the indictment, the Court considers the government's motion to amend its bills of particulars.

Federal Rule of Criminal Procedure 7(f) provides that "[t]he government may amend a bill of particulars subject to such conditions as justice requires." The parties have not cited, nor has the Court uncovered in its own research, any Second Circuit case law interpreting the phrase "as justice requires" in this context. However, the Second Circuit has indicated that the essentially identical phrase "when justice so requires" in Federal Rule of Civil Procedure 15(a)(2) imbues the Court with considerable discretion. *See Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 56 (2d Cir. 2019).

Here, the Court finds that justice neither requires nor countenances allowing the government to substantively amend its First Bill of Particulars. On May 29, 2020, the Court granted the Defendant's request for a bill of particulars with respect to the travel expenses specified in the indictment pending at the time, setting a deadline of July 17, 2020. (*See* Dkt. 95). After receiving an extension of time (Dkt. 103), the government filed the First Bill of Particulars on September 1, 2020 (Dkt. 128). More than a year later, on September 7, 2021, in opposition to Defendant's motion *in limine* requesting that the government be prevented from introducing evidence or argument deviating from the First Bill of Particulars at trial, the government affirmatively represented that it had already "identified the specific travel expenses" at issue in Count 21 and that it "will not deviate from the Bill of Particulars at trial." (Dkt. 228 at 1). The Court expressly relied on this representation by the government in denying Defendant's motion.

The government has proffered no reasonable explanation for having made this express representation to both the Court and Defendant, and then nevertheless having moved to amend the First Bill of Particulars on the eve of trial. It is clear that the

government was aware of the expenses it seeks to add to the First Bill of Particulars months ago, and certainly well before it filed its opposition to Defendant's motion *in limine*. The government's argument that there are many counts in the indictment and that it was focused on counts other than Counts 21 and 22 is not persuasive. The government chose to pursue all the counts set forth in the indictment with full knowledge of the time constraints present in a criminal matter, and it is the government's obligation to allocate the resources necessary to effectively prosecute this matter. Further, to allow amendment of the First Bill of Particulars at this late juncture would prejudice Defendant, who reasonably took the government at its word that the First Bill of Particulars represented the universe of travel expenses that the government intended to introduce at trial with respect to Counts 21 and 22. Accordingly, the Court denies the government's request to amend the First Bill of Particulars, except that, without objection from Defendant, the Court will allow the government to correct the dates set forth in Exhibit C of the First Bill of Particulars.

A different analysis applies to the Second Bill of Particulars. Defendant did not seek a Second Bill of Particulars until September 27, 2021 (*see* Dkt. 237) and the government was required to produce the Second Bill of Particulars in less than a week (*see* Dkt. 248 (Court Order entered on September 24, 2021, requiring government to file Second Bill of Particulars by no later than September 29, 2021)). Under these circumstances, the Court finds it consistent with the interests of justice to allow an amendment of the Second Bill of Particulars.

However, there are some exceptions to this conclusion. With respect to the $3,200 credit card payment set forth at item 32 of the proposed amended Second Bill of Particulars,

the Court is not able to determine on the current record whether that payment is a "purchase" of "items" or "services" because it is not clear what charges were incurred on the credit card. Therefore, the Court reserves decision on this aspect of the request, and requests that the government provide additional information concerning the nature of the credit card charges.

With respect to the $5,000 cash advance set forth at item 55 of the proposed amended Second Bill of Particulars, the Court agrees with Defendant that it does not reflect a "purchase" of "items, services, or unneeded travel," and that its inclusion in the amended Second Bill of Particulars is thus inconsistent with the express language of the indictment. The government is not permitted to include this item in the amended Second Bill of Particulars. *See United States v. Redcorn*, 528 F.3d 727, 735 (10th Cir. 2008) (explaining that remedy where allegations in bill of particulars are inconsistent with indictment is "clarification of the bill" (quoting *United States v. Hajecate*, 683 F.2d 894, 897 (5th Cir. 1982)).

The Court also agrees with Defendant that item 56 in the proposed amended Second Bill of Particulars is insufficiently specific. A bill of particulars must be set forth with "sufficient particularly" to advise a defendant of the charges against him. *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). Item 56 does not list the actual per diem checks at issue, and defines the relevant group of per diem checks using the vague, undefined term "personal items." It thus leaves Defendant in an untenable position with respect to understanding which per diem checks the government is alleging were fraudulently obtained. However, the Court will make an exception for the seven per diem

payments identified on page 5 of the Notice of Rule 404(b) Evidence filed by the government on August 16, 2021. (Dkt. 206). These specific per diem payments have been sufficiently identified by the government and Defendant will not be prejudiced by their inclusion in the amended Second Bill of Particulars.

The Court rejects Defendant's argument that items 22, 23, 43, and 44 in the proposed amended Second Bill of Particulars are travel expenses that were required to be identified in the First Bill of Particulars[1]. While item 23 was apparently purchased while Defendant was in Florida, the fact that an item is purchased while away from home does not automatically make it a travel-related expense. The Court further does not view membership in a vacation club (item 22), tickets to an event held in another city (Dkt. 43), or a registration fee to participate in a trip abroad (item 44) as constituting "unneeded travel," as opposed to being items or services purchased by Defendant. The Court further does not find it dispositive that similar expenses may have been included in the First Bill of Particulars. While the government may have previously taken an expansive approach to identifying expenses as related to travel, the controlling language is that in the indictment and the Court's Order requiring the government to file a bill of particulars, which required the government to identify the "unneeded travel" that it alleged to be fraudulent that was the subject of the pertinent counts.

---

[1] Defendant made a similar argument regarding proposed item 45 ("On or about August 30, 2019 - $60 to Allianz Travel Insurance Policy"). The government has agreed not to include proposed item 45 in the amended Second Bill of Particulars and so the Court need not reach this argument.

The Court further rejects Defendant's argument that item 54 of the proposed amended Second Bill of Particulars is insufficiently particularized. The government has clarified that Exhibit A to the proposed amended Second Bill of Particulars identifies the specific restaurant purchases as to which an itemized expense report is lacking. Accordingly, Defendant has been adequately put on notice as to which restaurant purchases the government is claiming were fraudulently paid for with NEAD funds.

### C. Admissibility of Evidence of Other Expenses

The Court next considers the admissibility of the additional expenses identified in the Second Bill of Particulars, following the amendments discussed above, and finds that they are admissible as direct evidence of the scheme to defraud charged in Counts 21 and 22 of the indictment. Indeed, these charges "arose out of the same transaction or series of transactions as the charged offense" and "demonstrate a pattern of conduct engaged in by defendant and others of which the crime charged was part." *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000) (citation omitted). The evidence set forth in the Second Bill of Particulars is part and parcel of the alleged scheme to defraud and provides relevant evidence regarding the contours of that scheme and the manner in which it was carried out. *See United States v. Anderson*, 785 F. App'x 892, 895 (2d Cir. 2019) ("The prohibition of 'other acts' evidence does not include misrepresentations connected to a charged scheme to defraud, and the district court correctly admitted such evidence here"); *United States v. Mavashev*, 455 F. App'x 107, 112 (2d Cir. 2012) (holding that district court properly admitted evidence of fraudulent transactions not charged in indictment because it was

"inextricably linked to the evidence of the charged transactions" and "demonstrated a pattern of criminal conduct").

Because the Court finds that evidence of other personal expenses paid for with NEAD funds is direct evidence of the scheme alleged in Counts 21 and 22 of the indictment, it necessarily rejects the government's argument that such evidence—including evidence outside that alleged in the First or Second Bill of Particulars—is admissible under Rule 404(b). "Rule 404(b) is inapplicable where the 'bad acts' alleged are really direct evidence of an essential part of the crime charged." *United States v. Lane*, 323 F.3d 568, 579 (7th Cir. 2003); *see also United States v. Towne*, 870 F.2d 880, 886 (2d Cir. 1989) ("[E]vidence of uncharged criminal activity is not considered other crimes evidence under Fed.R.Evid. 404(b) if it arose out of the same transaction or series of transactions as the charged offense[.]" (quotations omitted)). Accordingly, Rule 404(b) is not a mechanism for the government to admit direct evidence that it failed to appropriately include in the First or Second Bill of Particulars. *See generally United States v. Germain*, 33 F. App'x 565, 566 (2d Cir. 2002) ("Once the government has responded with a bill of particulars, it is strictly limited to proving what it has set forth in it." (quotation omitted)); (*see also* Dkt. 253 at 3 (the government stating that the Second Bill of Particulars will set forth a "comprehensive list of the exact proof the government intends to present at trial to establish Counts 21 and 22 of the Indictment")).

The Court also rejects the government's argument that evidence that Defendant "fraudulently caused NEAD to pay for a family vacation to Florida between April 8, 2014 and April 16, 2014, under the . . . pretext that he was traveling for NEAD business" (Dkt.

206 at 5) is admissible as either direct evidence or under Rule 404(b) with respect to Count 18 of the indictment. Count 18 charges Defendant with having fraudulently caused NEAD and FCE to pay in excess of $20,000 for a vacation time share for himself and his family on April 12, 2014. How Defendant financed his trip to Florida in April 2014, to acquire this time share is neither inextricably linked to the scheme alleged in Count 18, nor is the Court persuaded by the government's contention that it is evidence admissible under Rule 404(b). In other words, it is not evidence that has "any tendency" to make a fact that "is of consequence" with respect to Count 18 "more or less probable than it would be without the evidence." Fed. R. Evid. 401.

Finally, the Court finds that evidence of personal spending with NEAD funds, even beyond that identified in the amended Second Bill of Particulars, is admissible as direct evidence as to Counts 28 through 32 of the indictment, which charge Defendant with having filed false income tax returns for calendar years 2014 through 2017. *See generally United States v. Libous*, 645 F. App'x 78, 82 (2d Cir. 2016) (affirming conviction for having willfully signed a materially false tax return where the defendant failed to report personal expenses that "[his] company paid on his behalf"). However, as to any such expenses that are not identified in the amended Second Bill of Particulars, the Court will give a limiting instruction that they are not to be considered in connection with Counts 21 and 22 of the indictment, for the reasons previously set forth.

### III. CONCLUSION

For the reasons set forth above, the Court denies Defendant's motion to "preclude the government from presenting expenses not charged in the indictment as a basis for

conviction on Counts 21 and 22" (Dkt. 242); grants in part, denies in part, and reserves decision in part on Defendant's motion to preclude evidence from being admitted under Rule 404(b) (Dkt. 265); and grants in part, denies in part, and reserves decision in part on the government's motion to amend its First and Second Bills of Particulars (Dkt. 269).

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:   October 15, 2021
         Rochester, New York